ATOFAU PUNALOA, Defendant/Appellant,
v.
LOPA TIAMU, et al., Plaintiffs/Appellees.

High Court of American Samoa
Appellate Division

AP No. 27-83

April 8, 1985

Before MURPHY, Associate Justice, Presiding, KING* and HEEN,** Acting Associate Justices, TAUANU'U, Chief Associate Judge and TAUPULE, Associate Judge.

Counsel:    For the appellant, Su'esu'e Lutu and Aviata Fa'alevao
            For the appellee, Albert Mailo

MURPHY, J.

This litigation involves a three-acre parcel of land which both parties contend is the communal land of their respective parties. The seeds of this lawsuit were sown during the war, when in 1942, the navy constructed an airstrip in the western district of the island. It preempted land claimed by several Samoan families. Under the emergency conditions then prevailing little attention was paid to the niceties of land titles. Some sums of money were handed out by the naval administrators to various matais, thus giving the matais the impression that their claims were being recognized by officialdom and leading to later confusion. After the war the navy abandoned the facility and much of it reverted to bush. As the population grew various families have moved into the area and inevitably their claims came into conflict. It is out of this background that the present case arose.

Atofau Punaloa is the holder of the matai title Atofau. Before him his father was the title holder. Sometime in 1975 Atofau's father assigned him the subject land. He started to clear the jungle in preparation for constructing a house. Lopa, plaintiff-appellee, brought an action in 1977 to restrain the clearing and construction. A temporary restraining order was issued by Justice Miyamoto on January 14, 1977, and was continued on April 28, 1977. Other interested parties intervened. A pre-trial order issued but nothing was done to take the case forward and on April 21, 1981, Justice Miyamoto ordered the case dismissed, without prejudice, for lack of prosecution.

Atofau apparently went ahead and built a four-bedroom home and a retail store. In the meantime, Lopa filed a new case on June 10, 1981. He asked for a temporary restraining order. On June 22, 1981, the court (Justice Murphy presiding) denied the application for a temporary restraining order. A pre-trial order was entered on April 2, 1982. Nothing was done by Atofau and a default judgment was entered on September 28, 1982. On motion to set aside the judgment the court (Murphy) found Atofau had not been properly represented and set aside the default on April 4, 1983. On June 29, 1983, Lopa filed yet another action seeking, inter alia, another temporary restraining order. On July 13, 1983, Justice Gardner found no adequate showing of irreparable harm or a substantial likelihood Lopa would prevail and denied the temporary restraining order and consolidated all cases for trial.

Trial was held August 18, 1983, and resulted in a finding on August 22, 1983, that the subject land is communal land of the Lopa family and directing counsel for plaintiff to prepare findings, conclusions and judgment which were approved on September 1, 1983.* This appeal followed.

The trial court's holding is straightforward. Lopa owns the land; Atofau doesn't. But while the litigation was going on, Atofau built houses on the land. What happens now? The judgment infers, but does not state,

_____
*The findings, conclusions and judgment were prepared by prevailing counsel and went beyond the announced decision of the trial court. The judgment is conditional.

that Atofau can remove the houses. This might have made sense when Samoan houses consisted of posts and a thatched roof. When one is dealing with modern American-style structures removal constitutes great economic waste. On the other hand a family should not be deprived of its land because someone, even acting in good faith, builds a structure upon it.

As stated earlier this situation is not unique. Sometimes a matai will give a non-family member permission to build on family land. A successor matai may rescind that permission, saying, and rightly so, the previous matai did not have authority to alienate communal land. Some equitable solution should be fashioned by the court.

Some state courts have addressed a similar problem in the field of economic waste. This usually occurs when an architect or contractor makes a mistake that would cost so much to correct that some alternative must be fashioned. County of Maricopa v. Walsh & Oberg Architects, Inc. (Ariz. App. 1972) 494 P.2d 44; Blecick v. School District No. 18 (Ariz. App. 1965) 406 P.2d 750.

In this case a party acting in good faith at the direction of his matai has built his home and store on another family's land. The land owner did not respond with diligence. He filed a lawsuit in 1977. It was dismissed four years later for lack of prosecution. To suggest now, as does the judgment entered, that the structures be removed makes no sense.

The judgment as entered should be vacated. The matter is remanded to the trial court to find some solution which would avoid economic waste. Suggested alternatives would be to determine the value of the land and the structures and to set a reasonable sum to compensate the land owner for the loss of his land or to compensate the builder for the loss of his structures. Any other solution which will avoid economic waste or unjust enrichment will be consistent with this decision.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.